**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X

| | |
|---|---|
| Shaqueen Haase-Parrott, | **Case No.** |
| Plaintiff, | **COMPLAINT** |
| - against - | |
| Elite Care LLC and Eli Kohn, | |
| Defendants. | |

-------------------------------------------------------------------------X

Plaintiff, Shaqueen Haase-Parrott by and through her attorneys Nisar Law Group, PC hereby complains of Defendant Elite Care LLC, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff Shaqueen Haase-Parrott ("Plaintiff") brings this action against Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL") and New York State Public Health Law 3614-f effective on or about October 1, 2022 that established minimum wage rates for Home Care Aides for Defendants' failure to pay minimum wage for Plaintiff's actual hours worked up to forty (40) hours per work week; spread of hours for Plaintiff's actual hours worked beyond ten (10) hours in a work day; and overtime wages due and owed for hours worked in excess of forty (40) hours per workweek. As a result of Defendants' violations of the NYLL and FLSA, Plaintiff is entitled to (a) the full amount of underpayments, (b) attorneys' fees and costs, (c) pre and post judgment interest, and (d) an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due. Additionally, Plaintiff is owed compensation for her accrued and unused sick hours plus attorneys' fees under New York City's Sick Leave Law

which also allows for recovery of attorneys' fees and costs.

2.      Plaintiff also complains of Defendants' violations of New York Labor Law § 195, *et seq.* as a result of Defendants' failure to provide her with accurate wage statements and written notice of lawful minimum wage rates that damaged Plaintiff and seeks to recover the maximum damages permitted under NYLL.

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court is proper under §216(b) of the FLSA (29 U.S.C. § 216 (b)) and 28 U.S.C. §§ 1331 and 1343.

4.      Based upon information and belief, at all relevant times Defendant Elite Care LLC's ("Elite") gross annual revenue was over $500,000 and were engaged in interstate commerce within the meaning of the FLSA which requires: (a) had employees engaged in commerce or in the production of goods for commerce, and handles, sells, or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (b) had an annual gross volume of sales of not less than $500,000.00.

5.      During the relevant times of Plaintiff's employment with Defendants, Plaintiff routinely engaged in activities which facilitate or relate to interstate or foreign commerce such as utilizing or handling goods and products in the daily care of home care clients, e.g. nationally produced food, beverage and healthcare products purchased for home health care clients by home health care facilities.

6.      The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims have occurred.

2

**FACTUAL ALLEGATIONS**

**THE PARTIES**

8. At all relevant times, Plaintiff Shaqueen Parrot Haase-Parrott ("Plaintiff") was a resident of Kings County, New York.

9. Based upon information and belief, at all relevant times, Elite Care LLC is a New York State Limited Liability Company with a principal office located at 3838 Flatlands Avenue, Brooklyn, NY 11234.

10. Based upon information and belief, at all relevant times Eli Kohn is the director and officer of Defendant Elite.

10. At all relevant times, Defendants had the authority and control over the terms and conditions of Plaintiff's employment including setting Plaintiff's wage rate and hours of work.

11. Defendant Elite and Defendant Kohn are collectively referred to herein as "Defendants."

12. Based upon information and belief, at all relevant times, Defendants owned, operated, a home health aid agency located at various offices throughout New York City including its principal office located at 3838 Flatlands Avenue, Brooklyn, NY 11234 and an office located at 2433 Knapp Street, Suite 302 Brooklyn, New York 11235 to which Plaintiff reported for work.

13. Base upon information and belief, Defendants maintained a website with a web address of www.elitecares.com

14. During the relevant time period from on or about July 2020 to date, Plaintiff was a full time, non-exempt Companion Caregiver or Home Care Aid within the meaning of New York State Public Health Law § 3614-f.

15. Plaintiff's duties included providing assistance to clients with daily life activities such as consumption of food and other daily living activities and/or health related tasks to Elite's clients

located in Kings County.

16. During Plaintiff's shifts, Plaintiff picked up meals from the health care facility that was prepared by the health care facility responsible for the client and assisted the clients with consumption of those meals.

17. During the relevant time period Plaintiff's employment, Defendants misclassified Plaintiff as an independent contractor and paid a salary of approximately $780 per week to avoid paying Plaintiff her proper hourly minimum wage and overtime wages in an amount to be determined at the time of trial.

18. From the commencement of Plaintiff's employment on or about July 2020 to on or about December 31, 2021, Plaintiff regularly worked Monday through Thursday, approximately fifteen (15) hours per day from at or about 7am to 10pm.

19. From on or about January 1, 2022 to date, Plaintiff regularly worked Monday through Thursday, 12 hours per day from at or about 8am to 8pm.

20. According to the New York State Department of Labor (NYS DOL), the New York State Public Health Law § 3614-f ("PHL") defines "home care aide" as "a home health aide, personal care aide, home attendant or other licensed or unlicensed person whose primary responsibility includes the provision of in-home assistance with activities of daily living, instrumental activities of daily living or health-related tasks…"

21. According to the NYS DOL the minimum wage rates published for home care aid's pursuant to the PHL are as follows:

As of 12/31/2021, minimum wage was $15.00 per hour; as of 10/1/2022, minimum wage was $17.00 per hour; as of 10/2023, minimum wage is schedule to be $18.00 per hour.

22. According to the NYS DOL, the overtime wage rates are one and one half times the

minimum wage of $17 per hour totaling $25.50 for home care aids during the designated time periods published by the NYS DOL.

23. According to the NYS DOL, spread of hours pay which is one extra hour of pay at minimum wage when a worker's workday is longer than 10 hours, was $17 for home care aids during the designated time periods published by the NYS DOL.

24. At all relevant times, Defendants had the power to, and were responsible for determining the wages to be paid to Plaintiff.

25. At all relevant times, Defendants had the authority and control to establish the terms and conditions of employment of Plaintiff, including Plaintiff's duties, schedule, hours of work and rate of pay.

26. The FLSA defines "employer" to include any person acting directly or indirectly in the interest of an employer in relation to an "employee" and an employee is anyone who is suffered or was permitted to work.  Accordingly, Defendants are liable as "employers" under the FLSA.

27. Defendants are also jointly and severally liable as joint employers under 29 C.F.R. § 791.2 for the violations complained of herein.

28. Defendants failed to provide Plaintiff with any written notice of including but not limited to: her regular rate of pay, overtime rate of pay, regular payday, the official name of the employer and any other names used for business, the address and phone number of the employer's main office or principal location as required by NYLL §195.

29. Plaintiff was damaged by the lack of wage notice pursuant to NYLL §195 as she was not made aware of her right to minimum wage which was $17 per hour and her overtime wage rate was $25.50 for any hours worked beyond 40 hours per week during the relevant time period of her employment.  Plaintiff was also not made aware that she could complain to the New York

State Department of Labor about Defendants' non-compliance with NYS wage and hours laws. Defendants concealed wage and hour claims against them by willfully withholding wage and hour notice to Plaintiff.

30. Defendants' conduct willful and as such, Plaintiff is entitled to double or Liquidated Damages under FLSA and NYLL from Defendants, jointly and severally.

31. During the relevant time period of Plaintiff's employment Defendants failed to record her accrued and used/unused sick hours on her wage statements as required by the New York City Sick Leave Law.

32. During the relevant time period of Plaintiff's employment Defendants failed to roll over or compensate Plaintiff for her accrued and unused sick hours at 40 hours per year or 44 hours per year for employers with 100 or more employees in the aggregate.

33. Based on Defendants' failure to comply with New York City Sick Leave Law, Plaintiff seeks compensation for her accrued and unused sick hours since on or about July 2020 in an amount to be determined at trial, 100% liquidated damages, attorneys fees and costs.

## AS AND FOR A FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA") 29 USC §201 et seq.
## <u>MINIMUM WAGE</u>

34. Plaintiff repeats, realleges and incorporates by reference each and every previous allegation as if fully set forth herein.

35. As pleaded throughout this complaint, Defendants employed Plaintiff in the aforementioned enterprise and willfully failed to compensate Plaintiff at the required minimum hourly rate of $15 and $17 per hour for up to 40 hours in each workweek throughout the relevant times of her employment.

36. Defendants' willful failure to pay Plaintiff the mandated minimum hourly pay in

accordance with the FLSA was a direct violation of the FLSA, specifically 29 U.S.C. § 206.

37. Defendants' failure to pay proper minimum wages for each hour worked was willful within the meaning of 29 U.S.C. § 255.

38. Defendants' failure to comply with the FLSA has caused Plaintiff to suffer loss of wages.

39. Accordingly, Plaintiff seeks to recover her minimum wage underpayments in an amount to be determined at the time of trial, double or liquidated damages for the underpayment amounts, attorneys fees and costs, pre and post judgment interest pursuant to FLSA 29 USC §201 et seq.

## AS AND FOR A SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW § 652(1)
## MINIMUM WAGE

40. Plaintiff repeats, realleges and incorporates by reference each and every previous allegation as if fully set forth herein.

41. As alleged throughout this complaint, Plaintiff was a non-exempt employee of Defendants within the meaning of the NYLL.

42. As alleged throughout this complaint, at all relevant times, Defendants failed to properly pay Plaintiff's minimum wages for her actual hours worked in violation of NYLL § 652 and the supporting New York State Department of Labor regulations, including 12 N.Y.C.R.R. Part 142-3.1 and New York State Public Health Law § 3614-f.

43. As alleged throughout this complaint, Defendants failed to pay Plaintiff the required minimum hourly wage rate of $15 and $17 per hour for each one hour of work during the relevant times of her employment.

44. Defendants violated Plaintiff's right to minimum wage pay under § 652(1); New York Labor Law, Article 19.

45. Defendants also violated New York's Minimum Wage Order of 12 NYCRR Part No. 142 which set minimum wage at $15 per hour during the relevant times of Plaintiff's employment.

46. Defendants' actions were willful.

47. Due to Defendants' NYLL violations, Plaintiff seeks to recover from Defendants her unpaid minimum wage in an amount to be determined at trial, plus an amount equal to 100% of Plaintiff's unpaid wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre- and post- judgment interest, pursuant to NYLL §§ 198 and 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA") 29 USC §207
## DEFENDANTS' FAILURE TO PAY OVERTIME

48. Plaintiff repeats, realleges and incorporates by reference each and every previous allegation as if fully set forth herein.

49. As alleged throughout this complaint, Defendants willfully employed Plaintiff for workweeks longer than forty (40) hours and failed to compensate Plaintiff for her actual hours worked in excess of forty (40) hours per week at a rate of at least one-and-one-half times the $15 and $17 per hour minimum wage rates totaling 22.50 and $25.50 per hour respectively during the relevant times of her employment.

50. As alleged throughout this complaint, Defendants failed to pay the proper overtime wages to Plaintiff at one and one half times Plaintiff's regular wage rate as required by the FLSA, 29 U.S.C. §201, *et seq.*, and FLSA rules and regulations.

51. Defendants' failure to pay Plaintiff overtime pay in accordance with the FLSA is a direct violation of the FLSA, 29 U.S.C. §207.

52. Defendants' failure to pay proper overtime wages for each hour worked over forty (40) per week was willful within the meaning of 29 U.S.C. §255.

8

53. Defendants' failure to comply with the FLSA has caused Plaintiff to suffer a loss of wages.

54. Accordingly, Plaintiff seeks to recover her overtime underpayments in an amount to be determined at the time of trial, double or liquidated damages for the underpayment amounts to be determined at the time of trial, attorneys fees and costs, pre and post judgment interest pursuant to FLSA 29 USC §201 et seq.

## AS AND FOR A FOURTH CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW, 22 NYCRR 142
## DEFENDANTS' FAILURE TO PAY OVERTIME

55. Plaintiff repeats, realleges and incorporates by reference each and every previous allegation as if fully set forth herein.

56. As alleged throughout this complaint, Defendants employed Plaintiff within the meaning of NYLL §§ 2, 190, and 651.

57. As alleged throughout this complaint, Defendants failed to pay Plaintiff overtime wages for her actual hours worked in excess of forty (40) hours per week during the relevant time period of her employment.

58. Defendants violated Plaintiff's rights to overtime pay under Title 12 NYCRR 142-2.2 which was at one and one half times the $15 and $17 per hour minimum wage rates totaling $22.50 and $25.50 per hour respectively for all of Plaintiff's hours worked beyond 40 hours in each workweek during the relevant time period of Plaintiff's employment.

59. Defendants' failure to comply with the NYLL overtime requirements has caused Plaintiff to suffer loss of wages and interest thereon.

60. Defendants' failure to pay proper overtime wages was willful.

61. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants her

9

unpaid overtime wages in an amount to be determined at trial, plus an amount equal to 100% of Plaintiff's unpaid overtime wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre- and post- judgment interest, pursuant to NYLL §§ 198 and 663(1).

## AS AND FOR A FIFTH CAUSE OF ACTION
### New York Labor Law Spread of Hours Pay

62. Plaintiff repeats, realleges and incorporates by reference each and every previous allegation as if fully set forth herein.

63. During all relevant times of Plaintiff's employment, Defendants failed to pay spread of hours pay to Plaintiff in violation of 12 NYCRR §142-2.4 which states in relevant part, "An employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours."

64. As alleged throughout this Complaint, Plaintiff regularly worked 12 hours per workday Monday through Thursday per workweek in excess of 10 hours per workday.

65. At all relevant times of Plaintiff's employment, Defendants failed to pay Plaintiff spread of hours pay for each day her workday exceeded 10 hours.

66. Accordingly, Plaintiff seeks her unpaid spread of hours pay for each workday that exceeded 10 hours regardless of breaks, during the relevant time period, liquidated damages, attorneys fees and costs, pre and post judgment interest, penalties and costs in pursuant to NYLL§ 198.1-a

## AS AND FOR A SIXTH CAUSE OF ACTION
### VIOLATION OF THE NEW YORK LABOR LAW
### WAGE NOTICE REQUIREMENT

67. Plaintiff repeats, realleges and incorporates by reference each and every previous

10

allegation as if fully set forth herein.

68. As alleged throughout this complaint NYLL §195(1) required Defendants to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.

69. As alleged throughout this complaint, Defendants intentionally failed to provide notice to Plaintiff in violation of NYLL §195 to conceal wage and hour claims against them.

70. As alleged throughout this complaint, at the time of hire or thereafter, Plaintiff was not provided with a proper wage notice as required under NYLL 195 and was thereby damaged because she was not aware of her rights to minimum wage and overtime or that she could complain to the New York State Department of Labor.

71. Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to NYLL. NYLL §198(1-b).

## AS AND FOR A SEVENTH CAUSE OF ACTION

**New York Labor Law (NYLL) § 195 – Failure to Provide Accurate Wage Statements**

72. Plaintiff repeats, realleges and incorporates by reference each and every previous allegation as if fully set forth herein.

73. As alleged throughout this complaint, Defendants failed to provide Plaintiff with proper and accurate wage statements throughout her employment stating, including but not limited to:

all regular hours of work, her lawful rate of pay, and the basis of pay, in violation of NYLL § 195(3).

74. As alleged throughout this complaint, Defendants failed to maintain proper and accurate time records that accurately reflected Plaintiff's minimum and overtime hours and wages due to her as alleged throughout this Complaint.

75. Plaintiff was damaged because she was not aware of her rights to minimum wage and overtime or her proper wage payments and was forced to suffer repeated underpayments of her wages.

76. Due to Defendants' violations of the NYLL 195(3), Plaintiff is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## AS AND FOR A EIGTH CAUSE OF ACTION

**Compensation for accrued and unused sick hours pursuant to New York City Sick Leave Act pursuant to Title 20 of New York City Admin. Code §20 -911 et seq**

77. Plaintiff repeats and re-alleges and incorporates by reference each and every previous allegation as if fully set forth herein.

78. Effective on or about May 5, 2018, the New York City Sick Leave law required employers with up to 99 employees to provide paid 40 sick hours in calendar year and 56 paid sick hours if the employer employed 100 or more employees in the aggregate.

79. Under NYC law employers were mandated to provide notice to employees of their rights to these paid sick hours.

80. Under NYC law, employers were mandated to record and provide to each employee, year to date accrued and used sick hours on each wage statement.

12

81. Under NYC law, employers were required to roll over accrued and unused sick pay hours or compensate employees at their regular hourly wage rates for the unused sick pay hours.

82. As alleged throughout this complaint, during all relevant times of her employment, Plaintiff worked at client locations and Defendants' offices were located in NYC area. Plaintiff and Defendants were thereby covered and subject to the NYC sick leave law.

83. Defendants failed to provide notice to Plaintiff of her paid sick hours rights under NYC sick leave law yet knew at all relevant times that she was subject to NYC laws and rules and regulations.

84. During all relevant time periods, Defendants failed to maintain and record Plaintiff's respective accrued and used sick hours on her wage statements.

85. During all relevant time periods, Defendants willfully denied Plaintiff's unused sick hours compensation and did not roll over their unused sick hours.

86. Accordingly, Plaintiff seeks compensation for unused sick hours during their relevant periods of employment, liquidated damages, pre and post judgment interest, costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the FLSA and the NYLL by failing to pay Plaintiff her earned wages at the proper minimum wage and overtime rates;

B. Declaring that Defendants engaged in unlawful employment practices prohibited by the NYLL by failing to pay Plaintiff's spread of hours pay for each day she worked beyond 10 hours in a work day at one hour of minimum wage; and

C. Declaring that Defendants engaged in unlawful employment practices prohibited by the

NYLL by failing to give proper wage notice and accurate wage statements to Plaintiff; and

D. Awarding damages to Plaintiff for all unpaid or underpaid minimum, spread of hours and overtime wages due under the FLSA and the NYLL;

E. Awarding damages to Plaintiff as a result of Defendants' failure to provide proper wage notice and accurate wage statements as required under the NYLL and New York State Public Health Law § 3614-f;

F. Awarding Plaintiff double or 100% liquidated damages of underpayment or unpaid amounts of wages as a result of Defendants' willful failure to pay proper minimum, spread of hours and overtime wages under FLSA and NYLL;

G. Awarding Plaintiff NYC Sick Leave Law damages for Plaintiff's accrued and unused sick hours during the relevant time period of her employment;

H. Awarding Plaintiff attorneys' fees and costs pursuant to FLSA, NYLL and NYC Sick Leave Law; and

I. Awarding Plaintiff pre-judgment interest of nine per cent per annum (9%) pursuant to NYLL §198 and the New York Civil Practice Law and Rules §§ 5001- 5004; and

J. Awarding Plaintiff post-judgment interest pursuant to the New York Civil Practice Law and Rules § 5003

K. Awarding Plaintiff such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 31, 2023

                              **NISAR LAW GROUP, P.C.**
                              /s/ Susan Ghim
                              _____

BY:   Susan Ghim, Of Counsel
        60 East 42nd St., Ste. 4600
        New York, NY 10165
        Email: sghim@nisarlaw.com
        Ph: (646) 889-1011