UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAQUEEN HAASE-PARROTT,  )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　Plaintiff,　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　　　v.　　　　　　　　　　　　　) Civil Action No. 1:23-cv-02515-NRM-PK<br>　　　　　　　　　　　　　　　　　　)<br>ELITE CARE LLC AND ELI KOHN,　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　　　Defendants　　　　　　　　　) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS ELITE CARE LLC AND ELI KOHN

Defendants ELITE CARE LLC ("Elite), and ELI KOHN ("Kohn") ("collectively, "Defendants"), by their attorneys, The Zweig Law Firm P.C., for their Answer to the Complaint ("Complaint") of Plaintiff SHAQUEEN HAASE-PARROTT ("Haase" or "Plaintiff"), state as follows:

1. Paragraph 1 calls for a conclusion of law, to which no response is required. To the extent a response is required, Defendants deny the allegations.

2. Paragraph 2 describes the nature of the action to which no response is required. To the extent a response is required, Defendants deny the allegations.

3. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Defendants admit that Elite Care LLC's gross annual revenue was over $500,000 but lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 4.

1

5. The allegations contained in Paragraph 5 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

6. Deny the allegations set forth in paragraph 6 of the Complaint.

7. Deny the allegations set forth in paragraph 7 of the Complaint.

8. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9. Admit the allegations set forth in paragraph 9 of the Complaint.

10. Admit that Eli Kohn is a Director of Geriatric Care Management but deny the remaining allegations set forth in the first paragraph 10 of the Complaint (there are two paragraph 10s).

10. Deny the allegations set forth in the second paragraph 10 of the Complaint.

11. Admit that Plaintiff refers to both Defendants collectively as "Defendants" but deny that Kohn has the same legal obligations as Elite.

12. Deny the allegations set forth in paragraph 12 of the Complaint.

13. Admit the allegations set forth in paragraph 13 of the Complaint.

14. Deny the allegations set forth in paragraph 14 of the Complaint.

15. Deny the allegations set forth in paragraph 15 of the Complaint.

16. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 16.

17. Deny the allegations set forth in paragraph 17 of the Complaint.

18. Deny she was an employee. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations set forth in paragraph 18 of the Complaint.

19. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Neither admit nor deny the statement set forth in paragraph 20 of the Complaint, as no legal or factual allegations are asserted therein.

21. Neither admit nor deny the statement set forth in paragraph 21 of the Complaint, as no legal or factual allegations are asserted therein.

22. Neither admit nor deny the statement set forth in paragraph 22 of the Complaint, as no legal or factual allegations are asserted therein.

23. Neither admit nor deny the statement set forth in paragraph 23 of the Complaint, as no legal or factual allegations are asserted therein.

24. Deny the allegations set forth in paragraph 24 of the Complaint.

25. Deny the allegations set forth in paragraph 25 of the Complaint.

26. Deny the allegations set forth in paragraph 26 of the Complaint and refer all questions of law to this honorable Court.

27. Deny the allegations set forth in paragraph 27 of the Complaint.

28. Deny the allegations set forth in paragraph 28 of the Complaint.

29. Deny the allegations set forth in paragraph 30 of the Complaint.

30. Deny the allegations set forth in paragraph 30 of the Complaint.

31. Deny the allegations set forth in paragraph 31 of the Complaint.

32. Deny the allegations set forth in paragraph 32 of the Complaint.

33. Deny the allegations set forth in paragraph 33 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA") 29 USC §201 et seq.
## MINIMUM WAGE

34. Defendants repeat and reallege their responses to the preceding paragraphs as if fully stated herein.

35. Deny the allegations set forth in paragraph 35 of the Complaint.

36. Deny the allegations set forth in paragraph 36 of the Complaint.

37. Deny the allegations set forth in paragraph 37 of the Complaint.

38. Deny the allegations set forth in paragraph 38 of the Complaint.

39. Deny the allegations set forth in paragraph 39 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW §652(1)
## MINIMUM WAGE

40. Defendants repeat and reallege their responses to the preceding paragraphs as if fully stated herein.

41. Deny the allegations set forth in paragraph 41 of the Complaint.

42. Deny the allegations set forth in paragraph 42 of the Complaint.

43. Deny the allegations set forth in paragraph 43 of the Complaint.

44. Deny the allegations set forth in paragraph 44 of the Complaint.

45. Deny the allegations set forth in paragraph 45 of the Complaint.

46. Deny the allegations set forth in paragraph 46 of the Complaint.

47. Deny the allegations set forth in paragraph 47 of the Complaint.

### AS AND FOR A THIRD CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA") 29 USC §207
### DEFENDANTS' FAILURE TO PAY OVERTIME

48. Defendants repeat and reallege their responses to the preceding paragraphs as if fully stated herein.

49. Deny the allegations set forth in paragraph 49 of the Complaint.

50. Deny the allegations set forth in paragraph 50 of the Complaint.

51. Deny the allegations set forth in paragraph 51 of the Complaint.

52. Deny the allegations set forth in paragraph 52 of the Complaint.

53. Deny the allegations set forth in paragraph 53 of the Complaint.

54. Deny the allegations set forth in paragraph 54 of the Complaint.

### AS AND FOR A FOURTH CAUSE OF ACTION
### VIOLATION OF NEW YORK LABOR LAW, 22 NYCRR 142
### DEFENDANTS' FAILURE TO PAY OVERTIME

55. Defendants repeat and reallege their responses to the preceding paragraphs as if fully stated herein.

56. Deny the allegations set forth in paragraph 56 of the Complaint.

57. Deny the allegations set forth in paragraph 57 of the Complaint.

58. Deny the allegations set forth in paragraph 58 of the Complaint.

59. Deny the allegations set forth in paragraph 59 of the Complaint.

60. Deny the allegations set forth in paragraph 60 of the Complaint.

61. Deny the allegations set forth in paragraph 61 of the Complaint.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**NEW YORK LABOR LAW SPREAD OF HOURS PAY**

62. Defendants repeat and reallege their responses to the preceding paragraphs as if fully stated herein.

63. Deny the allegations set forth in paragraph 63 of the Complaint.

64. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint.

65. Deny the allegations set forth in paragraph 65 of the Complaint.

66. Deny the allegations set forth in paragraph 66 of the Complaint.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK LABOR LAW**
**WAGE NOTICE REQUIREMENT**

67. Defendants repeat and reallege their responses to the preceding paragraphs as if fully stated herein.

68. Deny the allegations set forth in paragraph 68 of the Complaint.

69. Deny the allegations set forth in paragraph 69 of the Complaint.

70. Deny the allegations set forth in paragraph 70 of the Complaint.

71. Deny the allegations set forth in paragraph 71 of the Complaint.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## NEW YORK LABOR LAW (NYLL) §195
## <u>FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS</u>

72. Defendants repeat and reallege their responses to the preceding paragraphs as if fully stated herein.

73. Deny the allegations set forth in paragraph 73 of the Complaint.

74. Deny the allegations set forth in paragraph 74 of the Complaint.

75. Deny the allegations set forth in paragraph 75 of the Complaint.

76. Deny the allegations set forth in paragraph 76 of the Complaint.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
**Compensation for accrued and unused sick hours pursuant to Ney York City Sick Leave Act pursuant to Title 20 of New York City Admin Code §20-911 et seq**

77. Defendants repeat and reallege their responses to the preceding paragraphs as if fully stated herein.

78. The allegations contained in paragraph 78 are conclusions of law, not allegations of fact; therefore, no response is required. To the extent that a response is required, Defendants deny the allegations.

79. The allegations contained in paragraph 79 are conclusions of law, not allegations of fact; therefore, no response is required. To the extent that a response is required, Defendants deny the allegations.

80. The allegations contained in paragraph 80 are conclusions of law, not allegations of fact; therefore, no response is required. To the extent that a response is required, Defendants deny the allegations.

81. The allegations contained in paragraph 81 are conclusions of law, not allegations of fact; therefore, no response is required. To the extent that a response is required, Defendants deny the allegations.

82. The allegations contained in paragraph 82 are conclusions of law, not allegations of fact; therefore, no response is required. To the extent that a response is required, Defendants deny the allegations.

83. Deny the allegations set forth in paragraph 83 of the Complaint.

84. Deny the allegations set forth in paragraph 84 of the Complaint.

85. Deny the allegations set forth in paragraph 85 of the Complaint.

86. Deny the allegations set forth in paragraph 862 of the Complaint.

Defendants deny that Plaintiff is entitled to the relief sought.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

The Complaint and each of the Causes of Action pled therein fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate her damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of release, waiver, estoppel, unclean hands, and laches.

**FIFTH AFFIRMATIVE DEFENSE**

At all times relevant hereto, Defendants acted in good faith and have not violated any rights which may be secured to Plaintiff under any federal, state, or local laws, rules, regulations, or guidelines.

**SIXTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because one or more of Plaintiff's claims are preempted by federal law.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because Defendants acted in good faith and had reasonable grounds for believing that its pay practice complied with federal and state law and did not willfully violate the law.

**EIGHTH AFFIRMATIVE DEFENSE**

Should Plaintiff obtain a verdict against Defendants, then Defendants are entitled to set off against such verdict any sums received by Plaintiff from collateral sources, including but not limited to any premium compensation, overpayments or wage amounts owed to Defendants, including but not limited to, forms of unjust enrichment including but not limited to, falsely reported hours, bonuses, advances, commission, gratuitous pay provided for non-compensable activities, or other job-related benefits.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, as set forth in the Complaint, are barred in whole or in part to the extent that the amount of time for which Plaintiff was not compensated was *de minimis*; and/or were not

integral or indispensable to Plaintiff's principal activities; and/or do not qualify as compensable work.

### TENTH AFFIRMATIVE DEFENSE

The Complaint must be dismissed as Plaintiff is not entitled to overtime payments as provided by the New York State Labor Law or the Fair Labor Standards Act.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint must be dismissed against the Defendants as they are not an employer within the context of the FLSA or the NYLL.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants did not engage in willful conduct in violation of the FLSA and, at all times relevant to this action, acted in good faith and based upon a reasonable belief that their acts or omissions were not in violation of the FLSA. Accordingly, pursuant to the FLSA, Plaintiff's statute of limitations is two years.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants did not engage in willful conduct in violation of the NYLL and, at all times relevant to this action, acted in good faith and based upon a reasonable belief that their acts or omissions were not in violation of the NYLL. Accordingly, Plaintiff is not entitled to recover an award for liquidated damages for willful conduct pursuant to the NYLL.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is exempt from eligibility for overtime compensation pursuant to the FLSA, she is not entitled to overtime compensation under the FLSA or under the New York Labor Law pursuant to the New York Labor Law and/or applicable wage orders.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants made complete and timely payments of all monies earned to Plaintiff. Accordingly, Plaintiff is not entitled to recover damages for failure to provide wage statements and the wage notice pursuant to NYLL.

## SIXTEENTH AFFIRMATIVE DEFENSE

Pendent, supplemental, or other jurisdiction should not be exercised over Plaintiff's state law claims.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the fact that she was conducting personal and other business activities during the hours she was ostensibly and supposedly performing work for the defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damage claims are barred by provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. Sec. 254, as to all hours during which Plaintiff was engaged in certain activities which were non-compensable, such as taking breaks or traveling to Plaintiff's actual place of performance.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages claims are barred by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. Sec. 260 because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the cited Federal and State statutes.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's damages claims are barred by the provisions of Section 101 of the Portal-to-Portal Act, 29 U.S.C. Sec. 259, because all actions taken in connection with Plaintiff's compensation

were done in good faith in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, interpretations and written and unwritten administrative practices or enforcement policies of the Wage and Hour Division of the U.S. Department of Labor.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Complaint must be dismissed based upon documentary evidence.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred-or the damages flowing therefrom reduced- because Plaintiff failed to notify Defendants of the alleged statutory violations at the time such violations allegedly occurred, which prevented Defendants from taking any action to remedy such alleged violations.

Defendants reserve the right to raise additional affirmative defenses up to and including at the time of trial.

**WHEREFORE,** Defendants respectfully request that this Court enter an order against Plaintiff, dismissing the Complaint in its entirety with prejudice and awarding Defendants their costs, attorneys' fees, and such other relief as the Court deems appropriate.

Dated: Woodmere, New York
      June 22, 2023

The Zweig Law Firm P.C.
*Attorneys for Defendants*

*Daniel Feldman*
Daniel Feldman, Esq.
999 Central Avenue, Suite 100-D
Woodmere, NY 11598
718-971-9616 Ext. 3
dfeldman@zweigpc.com

13