UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

Shaqueen Haase-Parrott,

                             Case No. 23cv2515

               Plaintiff,

     - against -

Elite Care LLC and Eli Kohn,

               Defendants.

-------------------------------------------------------------x

## NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE

    **WHEREAS,** the Plaintiff Shaqueen Haase-Parrott ("Plaintiff"), and Defendants Elite Care LLC and Eli Kohn (collectively, "Defendants") (Plaintiff and Defendants may hereafter be referred to collectively as the "Parties"), desire to resolve, settle and agree to dismiss with prejudice any and all claims which Plaintiff had made in or by the Complaint ("Complaint") in the above-captioned action pending in U.S. District Court for the Eastern District of New York, Index No 23-cv-2515 (the "Lawsuit"), without further litigation or adjudication;

    **WHEREAS,** a dispute exists as to Plaintiff's claims asserted against Defendants in the Lawsuit for the period beginning March 31, 2020 through the filing of the Lawsuit regarding claims of alleged unpaid minimum, overtime and spread of hours wages and alleged inaccurate wage and sick time notices; and

    **WHEREAS,** Plaintiff and Defendants understand and agree that Defendants deny each and every allegation of liability and/or wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings in the instant Lawsuit and any other matter or thing whatsoever; and

**WHEREAS,** Plaintiff and Defendants understand and agree that neither the making of this negotiated settlement agreement ("Agreement") nor anything contained herein shall be construed or considered in any way to be an admission by Defendants or any other person or entity of civil liability, guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Plaintiff's alleged employer's policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever; and

**WHEREAS,** Plaintiff and Defendants wish to avoid the risk and expense of litigation and thus, voluntarily enter into this Agreement to settle their disputes for the payments and covenants stated herein, which the Parties acknowledge represents a good faith compromise of the bona fide dispute between them;

**WHEREAS** the instant Lawsuit shall be dismissed in its entirety and with prejudice by the Court pursuant to the Stipulation and Order of Dismissal with Prejudice that shall be executed by respective counsel for Plaintiffs and Defendants, as set forth below:

**NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES THAT:**

1.     Plaintiff's Commitments.  In exchange for the valuable consideration set forth in paragraph "2" below Plaintiff agrees as follows:

(a)     Plaintiff will execute this Agreement and Release, and authorize her attorney to execute the Stipulation And Order Of Dismissal With Prejudice attached hereto as **Exhibit A** which will be held in escrow by Plaintiff's counsel until the Court approves this settlement agreement and the settlement funds have been received and cleared in Plaintiff's and her counsel's respective bank accounts;

(b)     After consultation with counsel, Plaintiff knowingly and voluntarily releases and forever discharges, to the maximum extent permitted by law, Defendants and all other Releasees (as defined herein) of and from any and all claims to any form of monetary or other damages whatsoever arising under the Fair Labor Standards Act, the New York Labor Law, or any other right to wages, known or unknown, that she has or may have based upon any conduct occurring up to and including the date Plaintiffs execute this Agreement;

(c)     Plaintiff represents, warrants and acknowledges that she has had an opportunity to raise in the Lawsuit any claims that she is owed wages, overtime wages, liquidated damages, interest and/or any other penalties or damages under any applicable law, including but not limited to the FLSA and any relevant state and local labor laws, and she acknowledges, understands and agrees that the Settlement Amount (described in Paragraph "2" below) is in full satisfaction, of any and all obligations Defendants or Releasees may have with respect to each of Plaintiff's claims for alleged unpaid wages, unpaid minimum wages, unpaid overtime wages, unpaid spread of hours pay, failure to provide any wage and hour acknowledgements and statements, retaliation, liquidated damages, interest, attorneys' fees and/or any other penalties or damages  under the New York State Labor Law, the Fair Labor Standards Act, and/or any other applicable wage hour and wage payment laws, rules or regulations for anything that has occurred up to the date Plaintiff executes this Agreement (collectively referred to as "Wage Claims") and that Defendants do not owe Plaintiff any additional money, salary, wages, overtime wages, commissions, bonuses, sick pay, personal leave pay, severance pay, vacation pay, or other compensation, benefits, payments or forms of remuneration of damages of any kind or nature, other than that specifically provided for in this agreement.

(d)     For and in consideration of the promises, payments and actions of the Defendants set forth in this Agreement and other good and valuable consideration, Releasors, including Plaintiff, with respect solely and only to the wage claims that arose prior to the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges the Releasees, from wage claims through the last date this Agreement is executed by Plaintiff, for or relating to unpaid wages, overtime, tips, tip credits, gratuities, charges purporting to be gratuities, frequency of pay or delayed wage liquidated damages, sick leave pay, vacation pay, paid time off, severance pay, expense reimbursements, other compensation, tools of the trade, meal credits, meal breaks, uniform maintenance pay, wage deductions, and/or service or related charges; any claims for spread of hours pay; any claims under the Fair Labor Standards Act 29 USC §201 et seq.; any claims under the New York Labor Law; any claims under the New York Wage Theft Prevention Act; any claims under the New York State Minimum Wage Order for the Hospitality Industry, 12 N.Y.C.R.R. § 146-1, et seq.; any claims under the New York State Minimum Wage Order for Miscellaneous Industries and Occupations 12 N.Y.C.R.R. § 142-1, et seq.; and/or any other wage-and-hour or other compensation claims under federal, state, or local law.

(e)     Nothing in this Agreement shall prohibit or restrict Plaintiff from filing a charge, testifying, assisting, or participating in any manner in an investigation, hearing or proceeding; responding to any inquiry; or otherwise communicating with, any administrative or regulatory agency or authority, including, but not limited to, the Department of Labor (DOL), the Securities and Exchange Commission (SEC), the Financial Industry Regulatory Authority (FINRA), the Commodity Futures Trading Commission (CFTC), the Consumer Financial Protection Bureau (CFPB), the Equal Employment Opportunity Commission (EEOC), Occupational Safety and Health Administration (OSHA), and the National Labor Relations Board (NLRB). To the extent

4

any lawsuits, arbitrations, claims, charges, or complaints are filed against Defendants in any administrative, judicial, arbitral, or other forum, including any charges or complaints against Defendants with any international, federal, state, or local agency by a third party or otherwise, Plaintiff expressly waives any claim to any form of monetary or other damages, or any other form of recovery or relief in connection with any such proceeding.

(e)     The following definitions shall apply to this Agreement:

"**Releasors**" shall be defined to include the Plaintiff in this Lawsuit for herself and on behalf of any of her current or former spouse(s), beneficiaries, dependents, heirs, assigns, lien holders, fiduciaries, successors, creditors, debtors, and counsel, in their respective capacities as such; and, "**Releasees**" shall be defined to include Defendants herein and their spouses, heirs, beneficiaries, dependents, affiliates, agents, current and former employees, assigns, lien holders, fiduciaries, successors, creditors, debtors, and counsel and any and all other affiliates of any such entity, and any and all otherwise related persons or entities, in their respective capacities as such who Plaintiff claims or may claim employed her within the meaning of the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL") at any time during her employment with Elite Care LLC that was located in Kings County, New York.

**2.**     Defendants' Commitments.  In exchange for the promises made herein by Plaintiff contained in Paragraph "1" above, and in all other provisions of this Agreement, Defendants agree as follows:

(a)     Defendants agree to provide to Plaintiff, by and through their counsel, the total settlement sum of Thirty-Five Thousand Dollars ($35,000) to Plaintiff ***inclusive of attorney's fees and costs*** ("the Settlement Amount") in consideration for and in full satisfaction of all employment and wage and hour related claims Plaintiff had or may have against Defendants or any other Releasee, whether known or unknown from the beginning of time, asserted or unasserted

for any act, omission, transaction or occurrence which has taken place up to and including the date of execution of this Agreement.

(b)     From the Settlement Amount of $35,000 inclusive of attorney's fees and costs, Plaintiffs' counsel, Nisar Law Group, PC, will be paid $11,655 as payment for 1/3 attorneys' fees and $401 for service fees plus $402 court filing costs (Total fees and costs of $803).

(c)     From the Settlement Amount of $35,000 inclusive of attorney's fees and costs, Plaintiff will be paid a net amount exclusive of attorney's fees and costs of $22,542.

(d)     The Settlement Amount shall be paid in six (6) monthly installment payments with the initial installment payment ("Installment One") due within ten (10) days of the presiding Court's approval of this settlement agreement pursuant to ***Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015)**, and   Plaintiff and Plaintiff's counsel return to Defendants' counsel fully executed IRS W-2 and W-9 Forms. Thereafter, the second installment payment shall be due by the tenth day of the subsequent month and each subsequent monthly installment check due no later than the tenth day of the month within which it is due.

(e)     All installment checks for payments One (1) through Six (6) shall be sent to and received on or before the designated due dates by Counsel for Plaintiffs Nisar Law Group, PC, 60 East 42nd Street, Suite 4600, New York, NY 10165 by or through a mail carrier with a tracking method.  Should Defendants send any check via first class mail without tracking which does not timely arrive at Plaintiffs' counsel's office, it shall be deemed a default under this Agreement.

(i) **Installment One**: Installment One for a total initial installment payment amount of $5,833.35 shall be issued as follows:  Two checks made payable to "Shaqueen Parrott": one check in the amount of $2,500 as NYLL 195 wage statement penalties to be reported via IRS form 1099 and a second check in the amount of $2,530.35 less applicable W-2 tax withholdings for a total gross installment amount

6

$5,030.35 to Plaintiff for immediate deposit within ten (10) days after court approval of this Agreement. A third check shall be made payable to "Nisar Law Group, PC" in the amount of $803 for costs and disbursements. for immediate deposit within ten (10) days after court approval of this Agreement.

(ii) **Installment Two**: The total Installment Two amount is $5,833.33. Installment Two shall be due at Plaintiff's counsel's office by the tenth day of the month following the month (not to exceed 30 days from payment of Installment One) within which Installment One was made and shall be issued in three separate checks as follows: Two checks made payable to "Shaqueen Parrott": one check in the amount of $2,500 NYLL 195 wage statement penalties to be reported via IRS form 1099; and a second check in the amount of $1,002.33 less applicable W-2 tax withholdings for a total gross installment amount of $3,502.33 to Plaintiff. A third check shall be made payable to "Nisar Law Group, PC" in the amount of $2,331.

(iii) Installment Three: The total Installment Three amount of $5,833.33 shall be issued in two checks and shall be due at Plaintiff's counsel's office no later than the tenth day of the month following the month (not to exceed 30 days from the preceding installment payment) within which Installment Two was made. Installment Three shall issue as follows: one check payable to "Shaqueen Parrott" in the amount of $3,502.33 less applicable W-2 tax withholdings; and a second check made payable to: "Nisar Law Group, PC" in the amount of $2,331.00.

(iv) Installment Four: The total Installment Four amount of $5,833.33 shall be issued in two checks and shall be due at Plaintiff's counsel's office no later than the tenth day of the month (not to exceed 30 days from the preceding installment payment) following the month within which Installment Three was made. Installment Four shall issue as follows: one check payable to

7

"Shaqueen Parrott" in the amount of $3,502.33 less applicable W-2 tax withholdings; and a second check made payable to: "Nisar Law Group, PC" in the amount of $2,331.00.

(v) <u>Installment Five:</u>   The total Installment Five amount of $5,833.33 shall be issued in two checks and shall be due at Plaintiff's counsel's office no later than the tenth day of the month (not to exceed 30 days from the preceding installment payment) following the month within which Installment Four was made . Installment Five shall issue as follows: one check payable to "Shaqueen Parrott" in the amount of $3,502.33 less applicable W-2 tax withholdings and a second check made payable to: "Nisar Law Group, PC" in the amount of $2,331.00.

(v) <u>Installment Six:</u>   The total Installment Six amount of $5,833.33 shall be issued in two checks and shall be due at Plaintiff's counsel's office no later than the tenth day of the month (not to exceed 30 days from the preceding installment payment) following the month within which Installment Five was made.  Installment Six shall issue as follows: one check payable to "Shaqueen Parrott" in the amount of 3,502.33 less applicable W-2 tax withholdings; and a second check made payable to: "Nisar Law Group, PC" in the amount of $2,331.00.

Should any of the above payments have been calculated in error, it shall not be construed as any waiver whatsoever by Plaintiffs and Nisar Law Group to receive the total settlement amount of $35,000 including attorneys' fees and costs.  Should any errors be discovered, the parties agree in good faith to cooperate in the proper re-calculation, modification or correction of these installment payment amounts to total the settlement amount of $35,000 as agreed to in this Settlement Agreement.

Defendants may accelerate the above installment payments at any time without penalty or objection. Regardless of any tax withholding or other deductions by Defendants from the Settlement Amount if any, Plaintiff must ensure that her respective share of any and all personal

8

income tax obligations relating to the payments made hereunder are properly filed and/or paid.  In the event that any federal, state or local taxing authority or court determines that taxes, interest and/or penalties are due and owing as a result of any non-payment by Plaintiff of said taxes, any interest, penalties or other liabilities shall be the sole obligation and liability of Plaintiff, who shall hold Defendants and Defendant's Counsel harmless.

Plaintiff assumes full responsibility for her respective portion of the Settlement Amount of any and all federal, state, and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiff under any federal, state, or municipal laws of any kind. Indeed, although the parties believe, in good faith, that the tax treatment of the Settlement Amount referenced in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that Plaintiff  is liable for any failure to pay personal federal, state or local income taxes with respect to the Settlement Amount set forth in this Agreement, or liable for interest or penalties related thereto, that Plaintiff agrees to hold Defendants harmless for any such liability.

(e) Concurrently with the execution of this Agreement, Defendants shall each execute and deliver to Plaintiff's counsel a confession of judgment ("Confession of Judgment") in the form annexed hereto as **Exhibit B and C**.  The Parties hereby acknowledge and agree that the Confessions of Judgment will be held in escrow by Plaintiff's attorney and will not be entered and/or filed at any time other than (i) in the event that Defendants fail to make any of the installment payments as set forth above, and (ii) Defendants fail to cure such default within fourteen (14) business days of receipt of written notice to be served on Defendants' counsel Daniel Feldman, The Zweig Law Firm P.C., 483 Chestnut Street, Cedarhurst, NY 11516 via email

9

DFeldman@zweigpc.com and a mail carrier with tracking. Should Plaintiff or Plaintiff's counsel send any notice via first class mail without tracking which does not timely arrive at Defendants' counsel's office, it shall be deemed not received under this Agreement.  The date of receipt of the Notice of Default shall be the date the mail carrier's tracking shows "delivered" or otherwise arrived at the location of Defendants' counsel.

(f) Defendants and /or their counsel shall have an ongoing duty to promptly provide notice of any change of mailing address and / or email address.   In the event Defendants and/or their counsel fail to provide notice of any mailing address change, Defendants waive any defenses to service by mail with tracking or other expedited mail service with tracking of the Notice of Default.  In the event Plaintiff's counsel fails to provide notice of any change of mailing address, the cure period shall be tolled until Plaintiff's counsel provides its new mailing address to Defendants' counsel unless Defendants' counsel has also simultaneously failed to provide notice of its mailing address change.

(g) Upon satisfaction of the payment obligations set forth in this Agreement, the Confession of Judgment shall be deemed null and void and Plaintiff's counsel shall confirm by Declaration that the Confessions of Judgment in electronic format in counsel's possession and/ or control were permanently destroyed and any hard copies were destroyed or shredded.

(h) Should Defendants default without a cure within fourteen (14) business days of receipt of the Notice of Default, Plaintiff shall file the confessions of judgment without any further notice to Defendants with this Court. The parties agree that this Court shall retain enforcement jurisdiction to enforce this settlement agreement including but not limited to recover any outstanding or unpaid settlement payments, interest on any unpaid portion of the Settlement Amount, and attorney's fees and costs to enforce this Agreement.

**3.**     Payment Terms: Allocation of Payments to Plaintiffs. The individual payments to Plaintiffs set forth in Section 2, above, shall be reported on IRS Form W-2 and 1099 as detailed above for actual payments made in the relevant tax year.  All payments to Plaintiffs' counsel shall be allocated to attorneys' fees, costs, and disbursements and shall be reported on IRS Form 1099. Should Defendants fail to accurately issue tax statements for a relevant tax year, Defendants shall hold harmless, defend and indemnify Plaintiff and her counsel to correct such inaccuracies with the relevant tax authorities.

**4.**     Interest. Notwithstanding anything to the contrary within this Agreement, unless the Settlement Amount is paid no later than the due dates set forth in Section 2 or any cure period, any due and unpaid portions of the Settlement Amount stated in this Agreement shall increase at a 9% annualized statutory  interest, applied on a monthly pro rata basis, commencing thirty (30) days from the date of the breach of this Agreement.

**5.**     Non-Disparagement. Plaintiff and Defendants each agree not to make any negative, disparaging and false statements or to otherwise defame each other, their associates, assigns, partners, affiliates, officers, management, current or former employees, practices, policies, or reputation in any form, including but not limited to: orally, in writing, to any current or former client of Defendants, current or potential business prospects or current or potential employers of Plaintiff, or current or potential employees of Defendants, media outlet, television station or program, radio station or program, newspaper, magazine, website, editor, reporter, interviewer, author, columnist, blogger, writer.     Notwithstanding the foregoing, this non-disparagement provision does not preclude any Party from making factual or truthful statements about this matter and the terms and conditions of employment of Plaintiff.

**6.**     <u>Enforceability.</u> If any portion of this Agreement is deemed unenforceable by a Court of competent jurisdiction or by operation of law, and such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect.

**7.**     <u>Counterparts.</u> This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

**8.**     <u>Governing Law.</u> This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Any action or proceeding by either of the parties to enforce this Agreement shall be brought in this Court which shall retain enforcement jurisdiction. The parties hereby irrevocably submit to the jurisdiction of this court and waive the defense of inconvenient forum to the maintenance of any action or proceeding in this venue.

**9.**     The language used herein shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of which party may have drafted the language in question.

**10.**     <u>Advice of Counsel.</u> Plaintiff acknowledges that she had an opportunity to receive advice about the terms and legal effects of the Agreement from counsel of her choosing. Plaintiff and Defendants hereby represent that they have consulted their respective attorney(s) about the Agreement before signing it. The parties further acknowledge that they have read this Agreement in its entirety, that they have had an opportunity to discuss it with counsel, that they understand its terms, that they are fully competent to enter into it, that they have had a reasonable time within which to consider this Agreement and its terms before signing it.

**11.**    <u>Voluntary Agreement</u>.  Plaintiff and Defendants agree that they are signing this Agreement of their own free will, without coercion or duress, and voluntarily assent to all the terms and conditions contained herein.

**12.**    <u>Execution</u>.

(a)    Upon the complete execution of this Agreement, Plaintiff's counsel and Defendant's counsel shall sign the Stipulation and Order of Dismissal with Prejudice which will be held in escrow by Plaintiff's counsel and filed  after the Court approves the parties' settlement agreementand the initial settlement checks have cleared in Plaintiff's and Defendants' bank accounts or as the Court may designate.  Plaintiff's counsel shall prepare and file an application requesting judicial approval of the Parties' settlement as reflected in this Agreement by or before the deadline set by this Court.

(b)    Plaintiff fully understands the terms of this Agreement.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HER COUNSEL, NISSAR LAW GROUP, PC, PLAINTIFF ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS SHE HAD OR MIGHT HAVE AGAINST DEFENDANTS /RELEASEES.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this negotiated Settlement Agreement as follows:

*BY PLAINTIFF:*

Shaqueen Parrott

10/31/2023

Date

*BY DEFENDANTS*

Elite Care LLC

BY: Eli Kohn, President

Eli Kohn

Date: 11/1/2023

Date: 11/1/2023

13

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

Shaqueen Haase-Parrott,

                        Plaintiff,

        - against -

 Elite Care LLC and Eli Kohn,

                        Defendants.

-------------------------------------------------------------x

Case No. 23cv2515

**STIPULATION OF DISMISSAL**
**WITH PREJUDICE**

<u>STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE</u>

      **IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiff Shaqueen Haase-Parrott and Defendants Elite Care LLC and Eli Kohn (collectively the "Parties") by through their undersigned attorneys who state that they have been authorized to enter into this Stipulation, that the Parties have agreed to amicably resolve any and all wage and hour claims by Plaintiff against Defendants in this action, including but not limited to claims under the Fair Labor Standards Act, 29 U.S.C. § 201 <u>et seq.</u> and New York State Labor Law rules and regulations, and have authorized their undersigned counsel to stipulate, consent, and agree to dismiss the instant action with prejudice by Plaintiff.

      The terms of the Parties' Negotiated Settlement Agreement and Release have been reviewed and approved by the Court.   This district court shall retain enforcement jurisdiction of the parties' settlement agreement.  No attorneys' fees or costs will be awarded to any party by the Court, except as provided therein.

NISAR LAW GROUP, PC
*Attorneys for Plaintiff Shaqueen Haase-Parrott*

THE ZWEIG LAW FIRM, PC
*Attorneys for Defendants Elite Care LLC and Eli Kohn*

_____

By: Susan Ghim, Of Counsel_
    60 East 42nd Street, Suite 4600
    New York, NY 10165
    (646) 889-1011 / sghim@nisarlaw.com

Dated:_____

_____

By:  Daniel Feldman, Esq.
    483 Chestnut Street
    Cedarhurst, NY 11516
    718 971-9616 Ext. 3
    dfeldman@zweigpc.com

Dated: _____

The Court hereby approves the settlement and dismissal of the instant action with prejudice.

SO ORDERED this ___ day of _____, 2023

_____

EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

Shaqueen Haase-Parrott,

                               Plaintiff,

                - against -

Elite Care LLC and Eli Kohn,

                           Defendants.

-------------------------------------------------------------x

Case No. 23cv2515

**AFFIDAVIT OF**
**CONFESSION OF JUDGMENT**

STATE OF NEW YORK      )
                          : ss.:
COUNTY OF KINGS       )

        I, Eli Kohn swear under penalty of perjury as follows:

1.       I am the President of Elite Care LLC ("Elite"), Defendant in the above captioned matter and I am duly authorized to make this affidavit of confession of judgment on behalf of Elite.

2.       Elite maintains its principal place of business in Kings County with an address of 2433 Knapp Street, Suite 302, Brooklyn, NY 11235

3.       Pursuant to the terms of the Negotiated Settlement Agreement and Release by and between Plaintiff Shaqueen Haase-Parrott on the one hand, and Elite and Eli Kohn on the other, (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against Elite in favor of Plaintiff for the total sum of Thirty Five Thousand Dollars and No Cents ($35,000.00) plus costs and attorneys fees to enforce the parties' settlement agreement less any payments made under the Negotiated Settlement Agreement and Release.

4.       This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants

are to submit a total settlement amount of $35,000 inclusive of attorneys' fees and costs to Plaintiff. The amount of this affidavit of confession of judgment represents the default settlement amount of $35,000 (less any amounts already paid to Plaintiff or Plaintiffs' counsel pursuant to Paragraph 2 of the annexed Negotiated Settlement Agreement and Release) plus reasonable attorneys' fees and costs to enforce the parties' settlement agreement.

5.     This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

6.     I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, without any further notice of default, this Confession of Judgment shall be docketed and entered in the United States District Court, Southern District as a judgment for $35,000.00 (less any amounts already paid to Plaintiff or Plaintiffs' counsel pursuant to Paragraph 2 of the annexed Negotiated Settlement Agreement and Release) plus reasonable attorneys fees, costs to enforce the parties' settlement agreement and interest against Elite Care LLC.

Elite Care LLC

BY: _____

Eli Kohn, President

STATE OF NEW YORK)

: ss.:

COUNTY OF  KINGS   )

On _____, 2023, before me personally came _____, to me known, who, by me duly sworn, did depose and say that deponent resides at _____ , that deponent is the President of Elite Care LLC the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Elite Care LLC and was authorized to do so.

_____

Notary Public

EXHIBIT C

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

Shaqueen Haase-Parrott,

                            Plaintiff,

            - against -

   Elite Care LLC and Eli Kohn,

                      Defendants.

------------------------------------------------------------x

Case No. 23cv2515

**AFFIDAVIT OF**
**CONFESSION OF JUDGMENT**

STATE OF NEW YORK  )
                     : ss.:
COUNTY OF KINGS     )

        I, Eli Kohn swears under penalty of perjury as follows:

1.        I am over the age of eighteen years old and a named Defendant in the above entitled

matter.

2.        I reside at 1127 Fordham Lane, Woodmere, NY 11598.

3.        I hereby make this confession of judgment in favor of Plaintiff Shaqueen Haase-Parrott.

4.        Pursuant to the terms of the Settlement Agreement and Release by and between Plaintiff

Shaqueen Haase-Parrott ("Plaintiff") on the one hand, and Elite Care LLC and Eli Kohn (each a

"Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess

judgment and authorize entry thereof against me, individually and in favor of Plaintiff for the total

sum of Thirty Five Thousand Dollars and No Cents ($35,000.00) (less any amounts already paid

to Plaintiff or Plaintiffs' counsel pursuant to Paragraph 2 of the annexed Negotiated Settlement

Agreement and Release) plus interest, reasonable attorneys fees and costs to enforce the parties'

settlement agreement.

5.      This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a sum of $35,000 inclusive of attorneys fees and costs to Plaintiff for a total settlement amount of $35,000.  The amount of this affidavit of confession of judgment represents the default settlement amount of $35,000 (less any amounts already paid to Plaintiff or Plaintiffs' counsel pursuant to Paragraph 2 of the annexed Negotiated Settlement Agreement and Release) plus interest, reasonable attorneys fees and costs to enforce the parties' settlement agreement.

6.      This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

    I hereby represent my understanding that upon my or Defendant Elite's breach of the Settlement Agreement and failure to cure, without any further notice of default, this Confession of Judgment shall be docketed and entered in the United States District Court, Eastern District of New York as a judgment for $35,000.00(less any amounts already paid to Plaintiff or Plaintiffs' counsel pursuant to Paragraph 2 of the annexed Settlement Agreement) plus interest, reasonable attorneys fees and costs to enforce the parties' settlement agreement, against me Eli Kohn individually.

_____

Eli Kohn

Sworn to before me
on this \_\_\_\_ day of
October 2023


_____

Notary Public